IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 99-43 Erie |
| | ) | |
| MAURICE VINCENT GARDNER | ) | |

DEFENDANT MAURICE VINCENT GARDNER'S MOTION FOR REDUCTION OF
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) WITH CITATION OF AUTHORITY

AND NOW, comes the defendant, Maurice Vincent Gardner, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files this Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2) with Citation of Authority, seeking a reduction in the sentence imposed in the above-captioned case on December 22, 2000. This motion is based upon the within argument and authority, all files and records in this case, and such further argument and evidence as may be presented at the hearing on this motion.

## I.  INTRODUCTION

This Court sentenced Maurice to a term of imprisonment of 130 months for an offense involving between 150 and 500 grams of cocaine base. This sentence was imposed pursuant to the Guidelines range as computed under the United States Sentencing Guidelines as they existed at that time.  Maurice's base offense level as computed under § 2D1.1 of the Guidelines for a crack cocaine quantity of 150 to 500 grams was 34. After adding 3-levels for being an organizer/leader, and reducing the offense level 3-levels for acceptance of responsibility, Maurice's adjusted offense level was 34.  With a Criminal History Category of V, Maurice's corresponding guideline imprisonment range would have been 235 to 293 months. Because Maurice had two prior convictions for controlled substance offenses, the career offender

1

enhancement from U.S.S.G. § 4B1.1 applied. The base offense level under § 4B1.1 was 37, resulting in a total offense level of 34 after a 3-level reduction for acceptance of responsibility. Also, Maurice's criminal history category was raised from V to VI, resulting in a guideline imprisonment range of 262 to 327 months. The government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 based on Maurice's substantial assistance. The Court granted the government's motion and imposed a sentence of 130 months of incarceration to be followed by 5 years of supervised release.

Subsequently, the United States Sentencing Commission amended §2D1.1 of the United States Sentencing Guidelines to decrease by two levels the offense levels applicable to specific weights of cocaine base (the ªCrack Amendmentº). See USSG, Supp. to App. C., Amdt. 706. This amendment generally reduces by two levels the base offense levels applicable to cocaine base. The Crack Amendment became effective November 1, 2007. Id.

The Crack Amendment was adopted in response to studies which raise grave doubts about the fairness and rationale of the 100-to-1 crack/powder ratio incorporated into the sentencing Guidelines. See generally United States Sentencing Commission, *Report to Congress: Cocaine and Federal Sentencing Policy* (May 2007) (hereinafter ª2007 Sentencing Commission Reportº); United States Sentencing Commission, *Report to Congress: Cocaine and Federal Sentencing Policy* (May 2002); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (April 1997); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (Feb. 1995). See also Kimbrough v. United States, 128 S. Ct. 558, 568-69 (2007) (discussing history of crack cocaine guideline and various Sentencing Commission reports). Yet the amendment is only a

partial response, as the Sentencing Commission itself recognized. The Commission explained:

> The Commission however, views the amendment only as a partial remedy to some of the problems associated with the 100-to-1 drug quantity ratio. It is neither a permanent nor a complete solution to these problems. Any comprehensive solution requires appropriate legislative action by Congress. It is the Commission's firm desire that this report will facilitate prompt congressional action addressing the 100-to-1 drug quantity ratio.

2007 Sentencing Commission Report, supra, at 10.

On December 11, 2007, the Sentencing Commission made the Crack Amendment retroactive under the authority created by 18 U.S.C. § 3582(c)(2). The Sentencing Commission did this by including the amendment to § 2D1.1 in the list of retroactive amendments in § 1B1.10 of the guidelines, which took effect on March 3, 2008. See 73 Fed. Reg. 217-01 (2008); USSG § 2B1.10 (Supp. March 3, 2008).

On February 11, 2008, the Honorable Chief Judge Donetta Ambrose entered a standing order appointing the Federal Public Defender for the Western District of Pennsylvania to represent any defendant sentenced in this district who might be eligible for a reduction of sentence pursuant to 18 U.S.C. § 3282(c)(2) based upon the retroactive application of the Crack Amendment.

Based on the retroactivity of the Crack Amendment, the statutory authority underlying it, and the Supreme Court's decisions in United States v. Booker, 543 U.S. 220 (2005); Rita v. United States, 127 S. Ct. 2456 (2007); Gall v. United States, 128 S. Ct. 586 (2007); and Kimbrough v. United States, supra, Maurice brings this motion to reduce his sentence.

II.  Argument

**Maurice's offense level should be reduced from 34 to 32, and the Guidelines range before application of the career offender enhancement reduced from 235 to 293 months to 188 to 235 months, based on the Amendment to § 2D1.1.**

Title 18, United States Code, section 3582(c)(2) states in relevant part:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)[1], upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the Guidelines policy statement which implements 18 U.S.C. § 3582(c)(2). Subsection (c) of that policy statement lists amendments that are covered by the policy statement. One of the amendments which is listed is Amendment 706, as amended by Amendment 711, to the guidelines is the Crack Amendment, which reduced the base offense level for crack cocaine offenses. See USSG § 2B1.10 (Supp. March 3, 2008).[2]

Because the Crack Amendment has been made retroactive and Maurice's sentence was based, at least in part, on a pre-Amendment drug quantity table, 18 U.S.C. § 3582(c) allows this

---

[1]      This statute provides that the Sentencing Commission "periodically shall review and revise, in consideration of comments and data coming to its attention, the guidelines promulgated pursuant to the provisions of this section."  28 U.S.C. § 994(o). It further directs the Commission to "consult with authorities on, and individual and institutional representatives of, various aspects of the Federal criminal justice system."  Id. It also provides that various representatives of the Federal criminal justice system shall submit their observations, comments, and questions to the Commission. See Id.

[2]      This amendment is not listed in the November 1, 2007 Guidelines Manual because the Sentencing Commission vote making it retroactive was on December 11, 2007. See United States Sentencing Commission News Release dated December 11, 2007, available at http://www.USSG.gov/PRESS/rel121107.htm. See also 73 Fed. Reg. 217-01 (2008).

4

Court to review and reduce, as warranted by the factors set forth in 18 U.S.C. § 3553(a),

Maurice's sentence. At the time of Maurice's initial sentencing, his base offense level as

computed under § 2D1.1 of the Guidelines for a crack cocaine quantity of 150 to 500 grams was

34. His offense level after a 3-level enhancement for being an organizer/leader and a 3-level

reduction for acceptance of responsibility was 34.

Application of the Crack Amendment to the crack cocaine guideline in the present case

results in a decrease of the base offense level from 34 to 32, and a decrease in the adjusted

offense level from 34 to 32. As reflected in USSG, Ch. 5, Pt. A, with a criminal history category

of V, the resulting Guidelines term of imprisonment is now reduced from 235 to 293 months to

188 to 235 months.  Due to the career offender guideline, Maurice's final offense level would

remain 34 as the career offender guideline is not effected by the Crack Amendment.  That does

not necessarily mean, however, that Maurice is not eligible for a reduction in his sentence.

The government filed a 5K1.1 motion for a downward departure based on Maurice's

substantial assistance, and this Court granted the motion.  Had the Court been aware at the time it

was sentencing Maurice that the sentence called for by the guidelines based solely on the amount

of crack involved in the case was 188 to 235 months rather than 235 to 293 months, the Court

may have granted a larger departure.  If the Court did take into account what Maurice's sentence

would have been without the career offender enhancement, then Maurice's sentence was based,

in part, on a guideline range that has been reduced by the Sentencing Commission.  Pursuant to §

3582(c)(2), if a defendant's sentence is based on a guideline range that has subsequently been

lowered by the Sentencing Commission, the Court may reduce the defendant's sentence.

It is not possible for either party to know for sure whether or not the crack guideline

played a role in the Court's selection of the extent of its downward departure. Maurice concedes

that the Court may not have looked to see what his guidelines would have been without the

career offender enhancement when determining the extent of the 5K departure. If that is the case,

Maurice's sentence was not based, even in part, on a guideline range that has been reduced by the

Sentencing Commission and a reduction in sentence pursuant to § 3582(c)(2) is not authorized.

But if the Court did consider the crack guideline, a reduction is authorized and should be granted.

Senior United States District Judge John P. Fullam, Sr. made this point in his opinion granting a

§ 3582(c)(2) motion in United States v. Hedgebeth, 2008 WL 2719574 (E.D. Pa. 2008).

In Hedgebeth, at the time of the defendant's sentencing his crack guideline range was 57

to 71 months. Id *1. However, due to a five-year mandatory minimum that applied the range

became 60 to 71 months. The government filed a downward departure motion pursuant to

U.S.S.G. § 5K1.1, which the court granted, imposing a sentence of 48 months. The defendant

subsequently filed a motion pursuant to § 3682(c)(2) to lower his sentence based upon the crack

amendment. Under the amendment, the defendant's guideline range was 46 to 57 months but,

because of the mandatory minimum, the range became 60 months. The government argued that

the defendant's sentence should not be reduced because the 60 month mandatory minimum

hadn't changed and the court had based its departure originally from the 60 month mandatory

minimum. Id.

Judge Fullam, while acknowledging that the government's argument was plausible,

rejected the government's argument. Judge Fullam first noted that the defendant's guideline

range had indeed been lowered by the crack amendment and that the government's substantial

assistance motion allowed him to impose a sentence below the mandatory minimum. Judge

Fullam then explained:

> Of particular importance, I believe, is that, in determining how much of a reduction below the mandatory minimum should be granted, the Court necessarily took into account, among other factors, the actual guideline range which would have been applicable but for the mandatory minimum. Thus, Mr. Hedgebeth's actual sentence of 48 months was, at least to some extent, influenced by, and therefore "based [in part] on a sentencing range that has been subsequently lowered" within the meaning of § 3582(c)(2).

Id. Judge Fullam than granted the defendant's motion and reduced his sentence proportionately.

Hedgebeth is distinguishable from Maurice's case in that the defendant's guideline range had been lowered by the Crack Amendment whereas, due to the career offender guideline, Maurice's final offense level is unaffected by the Crack Amendment. That being said, Hedgebeth does support Maurice's argument that if the Court considered Maurice's guideline range absent the career offender enhancement in determining the extent of the 5K1.1 departure, then Maurice's sentence was based, at least in part, on a guideline range that has subsequently been lowered by the Sentencing Commission within the meaning of § 3582(c)(2) and a reduction in sentence is warranted.

Application note 3 to § 1B1.10 states that "[w]hen the original sentence represented a downward departure, a comparable reduction below the amended guideline range may be appropriate." The 130 month sentence imposed by the Court was at the bottom of the range called for by offense level 27 and criminal history category VI. If the Court did consider Maurice's crack guidelines when determining the extent of its departure, reducing the extent of the departure by two additional levels to 25 would result in a guideline imprisonment range of 110 to 137 months. A sentence of 110 months would, under these circumstances, be a reasonable reduction in Maurice's sentence.

Maurice has been incarcerated since December 7, 1999. His current projected release date is May 14, 2009. Maurice is incarcerated at FCI Fort Dix, Fort Dix, New Jersey. Maurice has completed two drug programs including the 500 hour Residential Drug Abuse Treatment Program, has earned a certificate of award for outstanding achievement in Breaking the Chains of Incarceration, completed both levels of the Bureau's Parenting Skill Program, completed the Bureau's Aggression Replacement Training Program, completed the Bureau's Stress Management Group, completed a 20 hour course in Retirement and Investing, and completed a 40 hour course in Commercial Driver's License. Copies of Maurice's certificates are attached as Defendant's Exhibit A.

### III. Conclusion

If the Court considered Maurice's crack guideline in determining the extent of its downward departure then Maurice's sentence is based, in part, on a guideline range that has since been lowered by the Sentencing Commission. That fact authorizes a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), and the Court should impose a sentence of 110 months imprisonment followed by 5 years of supervised release. A proposed Order, in the form approved of by the Administrative Office of the United States Courts, is attached hereto.

Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender Attorney
I.D. No. 88653

8