IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 99-43 Erie |
| ) | |
| MAURICE VINCENT GARDNER ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
FOR REDUCTION OF SENTENCE PURSUANT TO
18 U.S.C. § 3582(c)(2)

AND NOW comes the United States of America by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and states as follows:

Gardner was indicted on December 16, 1999, by a federal grand jury sitting in Erie, Pennsylvania. The indictment charged Gardner with conspiring to distribute and distributing both crack and powder cocaine. On April 28, 2000, Gardner entered a guilty plea to the conspiracy count of the indictment.

Gardner is a career offender. His offense level under the sentenceing guidelines and the corresponding guideline range of 262 to 327 months imprisonment, was based upon the career offender provisions of U.S.S.G. § 4B1.1. Prior to the sentencing, however, the government filed a motion pursuant to U.S.S.G. § 5K1.1 seeking a reduction in Gardner's sentence. At the conclusion of the sentencing hearing, the Court determined that Gardner was a

career offender but granted the government's 5K motion, resulting in a sentence of 130 months incarceration.

## ARGUMENT

Title 18, United States Code, Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

In § 1B1.10 of the Guidelines, the Sentencing Commission identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. On December 11, 2007, the Commission issued a revised version of § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised § 1B1.10(a), provides, in relevant part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual

>listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which generally reduced the base offense level for most cocaine base ("crack") offenses by two levels. On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in § 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

Gardner's motion must be denied as it is clear that his sentence was based upon the career offender guideline and not the crack cocaine guideline that has been amended. Numerous courts have found that a defendant sentenced under the career offender guideline is not entitled to a sentence reduction under Amendment 706 because the applicable guideline range remains unchanged. United States v. Thomas, 524 F.3d 889 (8th Cir. 2008); United States v. Boyd, 2008 W.L. 2537139 (W.D. Pa. 2008) (Judge Cohill); United States v. Strothers, 2008 W.L. 2473686 (W.D. Pa. 2008) (Judge Bloch); United States v. Rivera, 535 F.Supp.2d 527 (E.D. Pa. 2008); United States v. Biami, --- F.Supp.2d ---, 2008 WL 1869108 (E.D. Wis., Apr. 22, 2008); United States v. Gutierrez, 2008 WL 927564 (D. Conn. Apr. 4, 2008); United States v. McDougherty, 2008 WL 752597 (C.D. Cal. Mar. 18, 2008). Here, Gardner was clearly

sentenced based upon the career offender guideline as that is the guideline the Court found applicable. Gardner even concedes the point. (Defendant's Motion, p. 5: "Due to the career offender guideline, Maurice's final offense level would remain 34 as the career offender guideline is not affected by the Crack Amendment.") However, Gardner argues that it is unclear whether the Court considered the crack cocaine guideline in fashioning the sentence reduction and cites to the opinion of a District Judge in United States v. Hedgebeth, 2008 WL 2719574 (E.D. Pa. 2008). In Gardner's case there can be no uncertainty that he was sentenced based upon the career offender provisions. Contrary to the opinion in Hedgebeth, whether the court originally considered what the guideline range would have been without career offender when it granted the 5K motion and sentenced Gardner, is not relevant to the determination of whether § 3582(c) authorizes a sentence reduction now.

Gardner's claim that the possibility exists that the court would have granted a greater 5K departure had the guidelines been lower, does not provide him relief. The jurisdiction for the court to reduce a sentence under § 3582(c) arises only if there is a subsequent, retroactive reduction of a guideline range that applied to the defendant at the original sentencing. In order to make the determination whether an amendment provides jurisdiction for the Court to reduce sentence under § 3582(c), the Third Circuit

4

has held:

> It is, thus, clear that only the retroactive amendment is to be considered at a re-sentencing under § 3582 and the applicability of that retroactive amendment must be determined in light of the circumstances existent at the time sentence was originally imposed. In other words, the retroactive amendment merely replaces the provision it amended and, thereafter, the Guidelines in effect at the time of the original sentence are applied.

United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002).

In this case, the guideline that applied to Gardner was the career offender provision (§ 4B1.1) and, therefore, without regard to the retroactive amendment of § 2D1.1, § 4B1.1 still applies. It is irrelevant what the court may have looked to when it granted the 5K motion, it is only relevant whether "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual. . .". U.S.S.G. § 1B1.10(a). Thus, since § 4B1.1 established the guideline range applicable to the defendant at the time of sentencing, and that guideline range has not been amended, Gardner's sentence cannot be reduced.

WHEREFORE, the government respectfully requests that the Court deny Gardner's motion for a sentence reduction.

                              Respectfully submitted,

                              MARY BETH BUCHANAN
                              United States Attorney

                              s/ Marshall J. Piccinini
                              MARSHALL J. PICCININI
                              Assistant U.S. Attorney
                              PA ID No. 56362